Frank Thomas WOODSIDE, et
al., Respondents,

v.

John T. RIZZO, et al., Appellants.

No. WD 40959.

Missouri Court of Appeals,
Western District.

June 27, 1989.

Condon & Fillmore, P.C. by Salvatore J.
Mirabile, Kansas City, for appellants.

Ennis, Browne & Jensen by Jay W. Jensen, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and
NUGENT and ULRICH, JJ.

ULRICH, Judge.

The appellant, John T. Rizzo, appeals from the trial court's entry of a default judgment against him and in favor of respondent, Frank T. Woodside, and from the court's denial of Mr. Rizzo's motion to set aside the judgment or to quash service of process. The judgment is reversed and the case is remanded.

Mr. Woodside and a co-plaintiff filed suit for breach of contract against Mr. Rizzo and a co-defendant, David L. Becklin, in the Circuit Court of Jackson County, Associate Circuit Division, at Kansas City, on June 23, 1988. The plaintiffs' petition listed a Lee's Summit address for both defendants. Upon a proper motion the court appointed a special process server, D.L.Rew. Mr. Rew later filed with the court a Return of Service containing a sworn statement that he had left a copy of a summons and plaintiffs' petition at Mr. Rizzo's usual place of abode, 14711 E. 77th, Independence, Missouri.[1] The record is devoid of evidence that co-defendant Becklin was served.

Mr. Rizzo failed to appear on the appointed court date, July 13, 1988. On that date a hearing was held at which plaintiffs, their attorney, Mr. Becklin and witnesses appeared. Suit against Mr. Becklin was voluntarily dismissed. Because appellant, Mr. Rizzo, failed to appear default judgment in the sum of $15,000 was entered against him.

On July 20, 1988, Mr. Rizzo appeared specially to challenge the jurisdiction of the court and filed a Motion to Set Aside Default Judgment and Quash Service of Process with Suggestions in Support thereof. Suggestions in Opposition were filed by Mr. Woodside. On August 8, 1988, the trial court entered an order denying defen-

---

1. Mr. Rew later filed a sworn affidavit with the court that he served the summons and petition at 14711 E. 44th, Independence, Missouri. A second affidavit was filed by Betty L. Bishop in which she swore that she was present with Mr. Rew when service of process was made at 14711 E. 44th, Independence, Missouri. Both addresses are in the eastern portion of Jackson County.

dant's Motion to Quash Service of Process and Set Aside Default Judgment without a hearing.

■ In seeking reversal of the default judgment, Mr. Rizzo contends, among other things, that the lower court was without jurisdiction over him because of improper venue. Venue in Missouri is jurisdictional and failure to file in the proper venue leaves the trial court's judgment void. *Wood v. Wood,* 716 S.W.2d 491, 494 (Mo. App.1986); *see also,* Adoor & Simeone, *The Law of Venue in Missouri,* 32 St. Louis U.L.J. 639 (1988).

■ Jackson County, Missouri, is divided into two portions—east and west—for venue purposes under § 478.461.[2] Suit in this case was filed in Kansas City, Missouri, the western venue of the county. Venue is governed generally by § 508.010 and specifically for cases involving multiple defendants, by § 508.010(2): "when there are several defendants, and they reside in different counties, the suit may be brought in any such county." Reading the venue provision for multiple defendants with the special rule for Jackson County, it is apparent that suit filed in the western portion of Jackson County requires at least one resident defendant. The only address of record for Mr. Becklin is in Lee's Summit, a suburb of Kansas City located in the eastern portion of Jackson County. The addresses found in the record for Mr. Rizzo are in Lee's Summit and Independence— again addresses located in the eastern portion of Jackson County. Both defendants in this case, Mr. Rizzo and Mr. Becklin, were residents of the eastern portion of Jackson County, making venue in the western portion improper.

■ While it is true that Mr. Becklin voluntarily appeared and presumably waived his claim to improper venue, this does not, as Mr. Woodside argues, establish proper venue as to Mr. Rizzo. Mr. Becklin was not a resident defendant of

2. All statutory references are to the Revised Statutes of Missouri 1986 unless otherwise stated.

western Jackson County as required by § 508.010(2); therefore, joinder of him in this lawsuit does not establish proper venue as to Mr. Rizzo. "A summons served on a defendant as the result of an action filed in a court in which venue is improper provides no jurisdiction over the defendant, because the court has no authority under the statute to issue the summons." *Oney v. Pattison,* 747 S.W.2d 137, 141 (Mo. banc 1988).

Because the lower court was without jurisdiction, the issue of improper service of process need not be addressed.

The judgment is reversed and the case is remanded to the trial court with directions to set aside the default judgment and for action consistent with § 478.462, RSMo 1988.

All concur.