**STATE of Missouri, ex rel., Teddy and Joyce TEASLEY, Relators,**

v.

**The Hon. James L. SANDERS, Respondent.**

No. 57433.

Missouri Court of Appeals, Eastern District, Writ Division One.

Feb. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 1990.

Case Transferred to Supreme Court April 17, 1990.

Case Retransferred to Court of Appeals Oct. 16, 1990.

Original Opinion Reinstated Nov. 6, 1990.

Thomas C. Hullverson, St. Louis, for relators.

Robert Nienhuis, St. Louis, for respondent.

## PER CURIAM.

Plaintiffs seek a writ of mandamus to compel respondent to rescind an order dismissing their personal injury action for lack of venue. We quash our preliminary writ of mandamus.

On February 27, 1986, plaintiff/relator Teddy Teasley was injured when he fell from a barge on the Mississippi River. Re-

lator and his wife filed a personal injury action in the Circuit Court of the City of St. Louis against the owner of the barge, Mid–America Transportation Company, and the operator of the barge, Associated Electric Coop, Inc. Defendant Associated was served on January 16, 1987. On February 17, 1987, Associated filed in the United States District Court, Eastern District of Missouri, a complaint for Exoneration From or Limitation of Liability under Title 46 U.S.C.App. section 185. Pursuant to Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the federal court on the same day issued an injunction to "enjoin the further prosecution of any action or proceeding against [Associated] on the [Associated's] property with respect to any claim subject to limitation" in the federal action. Again on the same day, February 17, 1987, Associated filed a copy of this order with the circuit court.[1]

■ On February 22, 1989, the United States District Court lifted the injunction on the state court action against Associated. Prior to this time, the Teasleys had settled with Mid–America. Associated then filed a motion to dismiss the circuit court action for lack of venue on March 24, 1989. The motion was denied, but Associated filed a second motion to dismiss for lack of venue which was granted on August 8, 1989. Relators now seek a writ of mandamus ordering the lower court to vacate its order and enter an order overruling the second motion to dismiss for lack of venue. An extraordinary writ is the proper method to challenge such an order. *State ex rel. Bohannon v. Adolf,* 724 S.W.2d 248, 249 (Mo.App.1986).

■ Relator does not claim venue was proper, but instead argues that under the clear terms of Supreme Court Rule 55.27, a defendant waives the defense of improper venue if he does not raise that defense by motion or pleading within the thirty day time limit for a responsive pleading, Rule

1. This order was filed on the 30th day after summons in the circuit court action as the 15th was a Sunday and the 16th a legal holiday. Rule 44.01.

55.25(a). Although this rule is simple on its face, wavier of venue is in fact a more complicated matter. If a court does not have proper venue over a party, service of process is defective and the court has no personal jurisdiction over the party and thus no power to hear the case. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 66 (Mo. banc 1956). Because venue is a personal privilege, however, it may be waived. *Norman v. Norman*, 604 S.W.2d 680, 681 (Mo.App.1980).

▮ Originally, our courts applied strict rules to a party who wished to assert improper venue, requiring it to object by special appearance and to stay out of court for all other purposes or else waive venue. *State ex rel. Antoine v. Sanders*, 724 S.W.2d 502, 503 (Mo. banc 1987). The rules have now been relaxed so that a party may challenge venue in concert with other defenses and may even request an extension of time to plead without waiving venue. *Id.* Nevertheless, venue will be waived unless challenged at the first opportunity and any action related to the merits of the cause will waive venue unless the defendant filed a prior challenge. *Id.* at 504. If a defendant never appears in court, however, it has never waived venue and may raise the issue of venue collaterally or upon appeal. *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983). The Missouri Supreme Court has held that when jurisdiction over the defendant is not proper, the thirty day period for filing an answer (and thus the time for objecting to venue under Rule 55.27) will not begin to run until defendant makes an appearance. *Crouch v. Crouch*, 641 S.W.2d 86, 90–91 n. 4 (Mo. banc 1982).

▮ We hold that in this particular case defendant made a timely objection to venue. Even assuming that filing of the stay order constituted an appearance under *Crouch* so as to start the thirty day period running, defendant's first motion to dismiss was filed on the 30th day after the stay was lifted. Despite the fact that this filing took place more than two years after defendant was served, the objection to venue was within the period prescribed by

Rule 55.27 as applied to the unusual facts of this case.

Our preliminary writ of mandamus is quashed and relator's request for a permanent writ is denied.

All Judges concur.