Gilbert KUEPER and James Frerker,
d/b/a Carlyle Distributing,
Plaintiffs–Respondents,

v.

MURPHY DISTRIBUTING, d/b/a
Deb, Inc., Defendant,

and

Angie Hogan, Individually,
Defendant–Appellant.

No. 60775.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1992.

W.W. Sleater, Kirkwood, for defendant-appellant.

Raymond A. Bruntrager Sr., Daniel J. Bruntrager, St. Louis, for plaintiffs-respondents.

STEPHAN, Judge.

Angie Hogan ("Hogan") appeals from a trial court order: (1) overruling her motion to set aside a default judgment and execution; (2) denying her motion to reconsider or amend the judgment denying her motion to set aside the default judgment and execution; and (3) denying her motion to strike surplusages and enter final judgment. We reverse and remand.

On October 15, 1990, Gilbert Kueper and James Frerker, d/b/a Carlyle Distributing ("Carlyle"), filed a petition on open account in St. Louis City against Murphy Distributing, d/b/a Deb, Inc. ("Murphy"), and Angie Hogan, individually, alleging that from May 23, 1988, through November 28, 1989, at "defendant's" request, Carlyle furnished to "defendant" soda at 1831 Sidney in St. Louis City, and although "defendant" received the same, it has failed and refused to pay $41,801.75, which is still due and owing.

On November 21, 1990, the St. Louis City Sheriff attempted to serve both Murphy and Hogan at the Sidney address. The Sheriff, however, returned service on both summonses stating that after a due and diligent search he was unable to locate either Murphy or Hogan in that the building at the referenced address was vacant. Carlyle then requested that alias summonses be issued to Murphy and Hogan at 7373 Elm Street, Maplewood, Missouri 63143. On November 8, 1990, the St. Louis County Sheriff served Murphy and Hogan at the Elm address. Although Hogan accepted service, neither Murphy nor Hogan filed an answer to Carlyle's petition nor appeared in court. As a result, the trial court entered an interlocutory default judgment against Hogan on March 12, 1991. On April 11, 1991, the trial court held a hearing as to damages. Hogan continued to remain in default. After the presentation of evidence, the court entered a default judgment in favor of Carlyle and against Hogan in the amount of $41,801.75 plus costs.

On June 4, 1991, Carlyle filed a request for execution and/or garnishment. On June 19, 1991, the St. Louis City Deputy Clerk issued a Writ of Execution to the St. Louis County Sheriff, ordering him to levy upon Hogan's individual property.

On June 29, 1991, Hogan filed a "Separate Special Appearance of Defendant Angie Hogan, and Her Separate Motion to Set Aside Judgment and Execution Heretofore Entered, as Being Entered Without Jurisdiction or Venue." The trial court denied this motion on August 7, 1991. On August 23, 1991, Hogan filed a "Special Appearance of Defendant Angie Hogan and Her Motion to Reconsider or Amend This Court's Order of August 7, 1991, or in the Alternative, For a New Trial." Four days later, Hogan filed a "Motion to Strike Sur-

plussages [sic] and Enter Final Judgment." On August 30, 1991, the trial court denied both motions. On September 5, 1991, Hogan filed her Notice of Appeal, stating that she was appealing from the trial court's order: (1) overruling her motion to set aside judgment and execution; (2) denying her motion to reconsider or amend; and (3) denying her motion to strike surplusages and enter final judgment. On October 28, 1991, Carlyle filed a motion to dismiss Hogan's appeal alleging that it was untimely since Hogan failed to file the appeal within ten days of the August 7, 1991 judgment, pursuant to Rules 81.04(a) and 81.05(a). On October 31, 1991, Hogan filed a "Motion for Leave to File Appeal Out of Time" alleging that the trial court's August 7, 1991 judgment did not become final for purposes of appeal until thirty days had elapsed, to wit, September 6, 1991, and that she had ten days thereafter to file her appeal. On November 13, 1991, this court denied both Carlyle's motion to dismiss and Murphy's motion for leave to file appeal out of time.

At the outset, we address a threshold issue, our jurisdiction. Neither party cited, nor were we able to find, a case which addresses the issue of whether an order disposing of a motion to set aside a default judgment is immediately final for purposes of appeal. However, recently, our brethren from the Southern District, touched on this issue. *Clark v. Brown*, 794 S.W.2d 254 (Mo.App.1990).

In *Clark*, the plaintiffs filed suit on various grounds, including malicious prosecution. *Id.* at 255. When the defendant failed to appear, the plaintiffs dismissed all counts of their petition except those pertaining to malicious prosecution. *Id.* On August 17, 1988, Judge McPherson entered a default judgment for plaintiffs for $24,000 in actual damages and $100,000 in punitive damages. *Id.* On November 10, 1988, the defendant filed a motion to amend proof of service of process or, in the alternative, to set aside the default judgment under Rule 74.05(c). *Id.* The trial court held a hearing on that motion on March 1, 1989. *Id.* On April 20, 1989, Judge McPherson wrote to the Commission on Retirement, Removal and Discipline requesting retirement for physical disability. *Id.* The Commission concluded that Judge McPherson was unable to discharge the duties of his office, and on June 13, 1989, it recommended to the Missouri Supreme Court that Judge McPherson be granted disability retirement. *Id.* However, on June 26, 1989, Judge McPherson entered an order overruling defendant's motion to amend proof of process or to set aside the default judgment. *Id.* On July 6, 1989, the defendant appealed from that order alleging that Judge McPherson had no jurisdiction to act in the case after June 13, 1989. *Id.*

The plaintiffs, on the other hand, argued that Judge McPherson's inability to act on June 26, 1989, was immaterial, because the motion became overruled automatically on February 8, 1989. *Id.* The plaintiffs reasoned that the motion to set aside the default was an after trial motion under Rule 81.05 and was subject to the same time limitations as a motion for a new trial; and therefore, the motion to set aside was subject to the provision of Rule 78.06 that if the trial court does not pass upon the motion within 90 days after it is filed, it is denied for all purposes. *Id.* The plaintiffs further argued that the appeal was untimely, because it was filed more than ten days after February 8, 1989. *Id.*

The court noted that the plaintiffs' argument was supported by some cases decided prior to the rules' revision which became effective January 1, 1988. *Id.* The court explained that these cases say that a motion to set aside a default judgment can properly be considered as an after trial motion in the nature of a motion for a new trial, and is, therefore, subject to the time limitations of old Rules 75.01, 78.04 and 78.06. *Id.* at 256. The court further explained, however, that those cases became inapplicable with the adoption of Rule 74.05(c), effective January 1, 1988. *Id.* The court stated:

[Rule 74.05(c) ] now provides for one year after entry of the default for the filing of a motion to set aside that default. This new time provision serves to sharply dis-

tinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof. The latter motions must be filed within 15 days after judgment and will be automatically denied if not otherwise ruled at the end of 90 days. These time limitations cannot logically apply to motions to set aside defaults, which now may be filed as long as one year after the rendition of the default.

*Id.* The court determined, relying on *State ex rel. King v. Huesemann,* 776 S.W.2d 488 (Mo.App.1989), that a motion to set aside a default judgment is an independent action and it cannot terminate automatically after 90 days any more than a new suit in equity would so terminate. *Id.* The court concluded that the motion to set aside the default judgment was not automatically disposed of on February 8, 1989, but was still pending in June 1989. *Id.* The court further concluded that because Judge McPherson had become disqualified to act on June 13, 1989, the purported order of June 26 was null and of no effect, and, therefore, there was no final appealable order upon which the appellate court could exercise its jurisdiction. *Id.*

■ We now hold that because a motion to set aside a default judgment is an independent action which does not automatically terminate after 90 days, the trial court's determination of whether to grant or deny such a motion is an independent judgment. As such, the trial court retains control over its judgment for thirty days after the entry of said judgment, and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Rule 75.01. At the expiration of this thirty day period, the judgment becomes final. A party then has ten days to appeal from the judgment, pursuant to Rule 81.04(a).

■ Here, the trial court denied Hogan's motion to set aside the default judgment on August 7, 1991. Since the trial court retained jurisdiction of that judgment for thirty days, pursuant to Rule 75.01, that judgment did not become final until September 6, 1991. Although Hogan filed her Notice of Appeal on September 5, 1991, under Rule 81.05(b), such notice is considered as filed on September 6, 1991, and Hogan's appeal is, therefore, timely. Having determined the jurisdiction of this appeal, we proceed to its merits.

Trial courts have broad discretion to grant or deny motions to set aside default judgments, even though appellate courts favor a trial on the merits rather than default, particularly when a substantial defense exists. *Plybon v. Benton,* 806 S.W.2d 520, 524 (Mo.App.1991). Normally, if the trial court sets aside a default judgment, an appellate court will not interfere, absent an abuse of discretion. *Id.* However, the trial court's discretion not to set aside a default judgment is narrower than the discretion to set aside such a judgment. *Id.* Thus, appellate courts are much more inclined to interfere with the trial court's decision when the motion to set aside the judgment has been denied. *Id.*

Rule 74.05(c) prescribes the circumstances which permit the setting aside of a default judgment. It states in pertinent part:

**When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, ... a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside ... a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

Since the adoption of Rule 74.05(c), our courts have held that because this rule requires sufficient facts to constitute a meritorious defense *and* good cause shown, a failure to establish one of these elements negates the necessity of considering the other. *See Harris v. Mitchell Transport, Inc.,* 812 S.W.2d 183, 184 (Mo.

App.1991); *Plybon v. Benton*, 806 S.W.2d at 523–524. Although we agree with these principles, we need not address whether Hogan's motion to set aside the default judgment satisfies these criteria, because the trial court, pursuant to Rule 74.06(b), should have relieved Hogan from its August 7, 1991 judgment since, as we will explain, the judgment was void.

 Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983). Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case. *Id.* Non-appearance is not a waiver to jurisdiction, and the personal judgment of the court without jurisdiction may be collaterally attacked as being void. *Id.* If a court does not have proper venue over a party, service of process is defective and the court has no personal jurisdiction over the party and thus no power to hear the case. *State ex. rel. Teasley v. Sanders*, 796 S.W.2d 382, 384 (Mo.App.1990). Because venue is a personal privilege, however, it may be waived. *Id.*

 Originally, our court applied strict rules to a party who wanted to assert improper venue, requiring it to object by special appearance and to stay out of court for all other purposes or else waive venue. *Id.* The rules have now relaxed so that a party may challenge venue in concert with other defenses and may even request an extension of time to plead without waiving venue. *Id.* Nevertheless, venue will be waived unless challenged at the first opportunity and any action related to the merits of the case will waive venue unless the defendant filed a prior challenge. *Id.* If, however, a defendant never appears in court, he has never waived venue and may raise the issue of venue collaterally or upon appeal. *Id.*

 In this case, Hogan did not appear in court. Hogan raised the issue of venue collaterally in her: (1) motion to set aside the default judgment and execution; (2) motion to reconsider or amend the judg-ment denying her motion to set aside the default judgment and execution, or, in the alternative, for a new trial; and (3) motion to strike surplusages and enter final judgment. It is undisputed that Murphy Distributing does not "exist" in that it ceased existing as a Missouri Corporation on March 30, 1948. Carlyle's suit and appropriate venue, therefore, must be based upon Carlyle's suit against Hogan, individually.

 Proper venue is governed by § 508.-010, RSMo 1986. Under that statute, a suit against an individual who is a resident of the state, must be brought in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found. § 508.010, RSMo 1986. Carlyle Distributing is located at 1811 Fairfax, Carlyle, Illinois 62231. Hogan resides at 7373 Elm Street, Maplewood, Missouri 63143. Thus, the only proper venue in this case is in the county in which the defendant, Hogan, resides—St. Louis County. Therefore, since venue in this case was improper, the St. Louis City Circuit Court was without personal jurisdiction to hear this case, and its judgment is a nullity.

Section 476.410, RSMo Cum.Supp.1991, provides when a trial court finds venue to be improper, the court must transfer the case to a circuit where venue is proper. *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991). Pursuant to this Rule, the St. Louis City Circuit Court was required to transfer the action to the Circuit Court of St. Louis County. We, therefore, reverse this case and remand it to the trial court with directions to transfer it to the Circuit Court of St. Louis County.

PUDLOWSKI, P.J., and CRIST, J., concur.