William S. JUDY, Respondent,

v.

INSURANCE COMPANY OF
PENNSYLVANIA, et al.
Defendant,

Man–Morris Insurors, Inc.,
Respondent/Appellant.

William S. JUDY, Respondent,

v.

MAN–MORRIS INSURORS,
INC., Appellant.

Nos. WD 47997, WD 48055.

Missouri Court of Appeals,
Western District.

Nov. 29, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

Michael W. Manners, Independent, for appellant.

Thomas Young Auner, Springfield, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

The plaintiff/appellant sustained serious injuries in an accident on June 29, 1984, in Lebanon, Laclede County, Missouri, while employed at the Bass Tracker Corporation. The plaintiff was working on a punch press at the time he sustained the loss of his left hand and distal forearm. He filed suit against four defendants in Jackson County, Missouri. The cause of action arose in Laclede County. Count I of plaintiff's petition alleged that Insurance Company of the State of Pennsylvania,[1] the workers' compensation insurance carrier, had negligently conducted safety inspections on the machinery involved. Count II charged that Rockford Systems, Inc. was hired to review Bass Tracker's plant safety and negligently inspected the punch press. Count III alleged a similar charge against respondent Man–Morris. The final count was against the John Doe Corporation for which no service was obtained, and eventually the count was dismissed. The issue in the case is whether venue was proper in Jackson County, Missouri.

Man–Morris is officed in Springfield, Greene County, Missouri, and placed the

---

1. The Insurance Company of the State of Pennsylvania and employer, Bass Tracker, settled plaintiff's workers' compensation claim on February 4, 1988.

workers' compensation insurance for Bass Tracker Corporation which was in effect at the time of the plaintiff's injuries. Plaintiff charged that Man–Morris had previously conducted safety inspections of the employer's premises and assured plaintiff's employer that the hydraulic press which caused the plaintiff's injuries was in safe condition.

The court file reflects that service was effected on Man–Morris on January 30, 1989, by delivery of a copy of the summons and petition to James Sanders, Man–Morris' Vice–President, at their corporate offices in Greene County, Missouri. No answer was ever filed by Man–Morris. Mr. Sanders denied that he was ever served with the suit papers. On April 3, 1989, the trial court dismissed the claim against defendant Insurance Company of the State of Pennsylvania, with prejudice. On June 12, 1989, the trial court dismissed the claim against Rockford Systems, without prejudice.

On April 20, 1989, plaintiff took a default judgment against Man–Morris in the amount of $2,500,000. Man–Morris filed its Motion for Relief from Default Judgment on August 27, 1992, claiming that the judgment was void *ab initio* because venue was improper in Jackson County, Missouri, where the lawsuit was filed and the default judgment taken. On January 14, 1993, the trial court overruled the defendant's Motion to Set Aside the Default Judgment for Improper Venue, but granted a hearing on the question of whether or not service was proper. The defendant filed a motion for reconsideration of that order. A hearing was held on the pending issues at which time evidence was presented.

■ If the plaintiff's claim of proper venue as to Man–Morris in Jackson County is to be successful, he must establish that venue as to defendant Rockford Systems was proper.[2] The plaintiff stipulated in the trial court that he had no knowledge of any basis to have asserted a claim against Rockford Systems in this case. For venue to be proper as to Rockford Systems, plaintiff must prove that Colt Equipment Company's activities on behalf of Rockford Systems in Jackson County established venue.

The parties focus upon one particular deposition, that of David Bierman, which was taken October 16, 1992, in St. Louis, Missouri. Mr. Bierman was the president and owner of the Colt Equipment. He did business with several manufacturers of safety equipment and, specifically, with Rockford Systems.[3]

Rockford Systems manufactures safety equipment used on press equipment and it contracted orally with Colt Equipment to solicit sales of its equipment in southern Illinois and Missouri. Mr. Bierman solicited potential customers for Rockford Systems in his territory, which included Jackson County, Missouri. If a customer expressed interest, Mr. Bierman went to the customer's factory and conducted a survey of the equipment, usually punch presses, to see if they complied with OSHA regulations. If the equipment needed safety devices to comply with OSHA, Mr. Bierman would quote the customer prices for the devices. If the sale was consummated, Colt received a commission on the sale from Rockford Systems. These practices were followed in Jackson County.

■ On May 20, 1993, the trial court set aside the default judgment entered on April 20, 1989. The basis of its ruling was that the original judgment was void because venue was improper.[4] Alternatively, the court held

---

2. In this case, plaintiff claims that Rockford Systems is the resident defendant. There was substantial evidence at trial that the joinder of Rockford was pretensive, in that there were never any acts or omissions by Rockford known to the plaintiff which would subject Rockford to liability. This position is reinforced by the stipulation at the commencement of the trial that "the plaintiff in this case has no knowledge of any basis to have asserted a claim against Rockford in this case." Joinder is pretensive if accomplished without an honest belief, based on the law and the evidence, that a justiciable claim exists against the party joined. *State ex rel. Coca Cola Bottling Co. v. Gaertner*, 681 S.W.2d 445, 447–48 (Mo. banc 1984).

3. Our review of the evidence shows that Mr. Bierman was the only Colt employee who worked in Jackson County.

4. At the time this case was filed, the law stated that if a court did not have proper venue over a party, service of process was defective, and the court had no personal jurisdiction over the party, and thus no power to hear the case. *State ex rel.*

that if venue was proper, it would still set aside the judgment on the ground that Man–Morris' default was due to excusable neglect, inadvertence, or mistake under Rule 74.06(b)(1). It was not until June 21, 1993, that plaintiff dismissed Count IV of his petition as to the defendant John Doe Corporation. A timely appeal was filed.

Colt Equipment sells metal fabricating machinery and safety equipment for metal fabricating machinery. Colt is one of Rockford's distributors and would, on occasion, sell safety equipment for Rockford Systems in Jackson county. The offices of Colt are located in St. Louis County and St. Louis City. Colt has never had an office in Jackson County, Missouri. Nor have any Colt employees ever resided in Jackson County. When the sale was completed, the product was shipped FOB factory and the customer would be responsible for getting the equipment to its plant. Colt had no further involvement with the customer except on rare occasions when it might get a call to go to the plant to render assistance. The only contact Colt had in Jackson County on behalf of Rockford Systems was to answer sales calls or solicit business.

The agreement Colt had with Rockford was neither exclusive nor in writing. Colt was the distributor for a number of companies other than Rockford Systems. On occasion, Colt would recommend a product to the customer that was manufactured by a company which was a competitor of Rockford. Colt's percentage of business with Rockford was described as small, probably no more than 20%, and of that figure, only a small number concerned sales in Jackson County. Colt's work is not directed or controlled by Rockford Systems. In its sales efforts, Colt controls its employees' work, hours, customers contacted, presentation of product and sales techniques. Health benefits, retirement plans, and other benefits for its employees are provided by Colt.

In his first point on appeal, which is dispositive, the plaintiff complains that the trial court erred in setting aside the judgment of April 20, 1989, against Man–Morris Insurers, Inc. The trial court held that the judgment was void for improper venue, and plaintiff argues that proof of venue was sufficiently established by evidence of Colt's sales efforts in Jackson County as an agent of Rockford Systems.

■■■ Venue refers to the situs in which a court of competent jurisdiction may adjudicate an action. *State ex rel. Elson v. Koehr,* 856 S.W.2d 57, 59 (Mo. banc 1993). In Missouri, the proper venue for an action is determined by statute. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). The primary purpose of Missouri's venue statutes is to provide a convenient, logical and orderly forum for the resolution of disputes. *Id.*

■■ Section 508.040, RSMo.1986, is the corporate venue statute and applies when multiple defendants to an action are all corporations. *State ex rel. Webb v. Satz,* 561 S.W.2d 113, 115 (Mo. banc 1978). The statute in pertinent part states:

> Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

The relevant provision of § 508.040 for the present purpose is "where such corporations shall have or usually keep an ... agent for the transaction of their usual and customary business." The parties agree that Colt never had an office in Jackson County and that the cause of action arose in Laclede County. Therefore, for venue to be proper in Jackson County, Colt must "maintain an agent there for the transaction of its usual and customary business." *State ex rel. Bunting v. Koehr,* 865 S.W.2d 351, 353 (Mo. banc 1993). We

---

*Teasley v. Sanders,* 796 S.W.2d 382, 384 (Mo. App.1990). Venue was jurisdictional and failure to file in the proper venue voided the trial court's judgment. *Woodside v. Rizzo,* 772 S.W.2d 20, 21 (Mo.App.1989). In 1989, the legislature amended § 506.110, RSMo Supp.1993, and adopted

§ 476.410, RSMo Supp.1993, both of which were effective on August 28, 1989. See *State ex rel. DePaul Health Ctr. v. Mummert,* 870 S.W.2d 820, 821–23 (Mo. banc 1994), for a discussion of how these statutes changed Missouri law regarding venue and personal jurisdiction.

understand this to mean that an agent must, at the minimum, usually be kept in the county for the transaction of its usual and customary business.

The parties spend a good deal of their efforts arguing whether Colt was an agent for purposes of venue in Jackson County. The resolution of the case does not turn on the definition of "agent," but rather turns on a determination of whether Colt had or usually kept an agent in Jackson County.

 The evidence shows, and there is no disagreement, that neither Rockford nor Colt maintained an office in Jackson County. Colt maintains its office in St. Louis County or St. Louis City. Except when Mr. Bierman would travel to Jackson County to solicit or make calls on customers, whether on behalf of Rockford or the many other companies it represented, no one from Colt had any other contact with the forum county. The evidence was that Mr. Bierman spent little time in Jackson County, including his time spent representing his other companies. The evidence revealed no business cards or letter heads with a Jackson County address, and no telephone number of any Colt employee in Jackson County. At best, it can be argued that Colt's territory included Jackson County and that it occasionally sold products on Rockford's behalf in Jackson County. The evidence shows no other contacts with the forum county. Simply stated, Colt had no agent in Jackson County. See *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644 (Mo.App.1983), where an office was not established in St. Charles County although the corporate president's personal residence was there, company records were stored there, occasionally mail was sent there, and a few business cards listed the St. Charles address. *Id.* at 647.

In order for venue to be proper in the forum county, the defendant must maintain an agent in the forum. Colt's limited activities in Jackson County did not constitute maintaining an agent in Jackson County for purposes of establishing venue under § 508.040. Thus, the trial court properly held that venue was improper in Jackson County and accordingly, set aside the default judgment against Man–Morris Insurers for improper venue.

This point is dispositive and renders moot the other issues raised by both parties. Judgment of the trial court is affirmed.

All Concur.