Travis CLARK and Peggy Clark, Plaintiffs–Respondents,

v.

James BROWN, Defendant–Appellant.

No. 16445.

Missouri Court of Appeals,
Southern District,
Division Two.

July 16, 1990.

Motion For Rehearing or Transfer to Supreme Court Denied Aug. 7, 1990.

Virginia L. Fry, Todd M. Thornhill, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for defendant-appellant.

Richard L. Anderson, Kimberling City, for plaintiffs-respondents.

WASSERSTROM, Senior Judge.

Defendant appeals from a purported order overruling his motion to set aside a default judgment. We hold that there is no appealable final order because the purported order in question is void, and we therefore dismiss the appeal.

Plaintiffs filed suit in the Circuit Court of Stone County, Missouri on various grounds, including that of malicious prosecution. When defendant failed to appear, plaintiffs dismissed all counts of their petition except those pertaining to malicious prosecution, and on August 17, 1988, Judge McPherson entered default judgment for plaintiffs for $24,000 in actual damages and $100,000 in punitive damages.

On November 10, 1988, defendant filed a motion to amend proof of service of process or in the alternative to set aside the default judgment under Rule 74.05(c). A hearing was held on that motion on March 1, 1989.

On April 20, 1989, Judge McPherson wrote to the Commission on Retirement, Removal and Discipline requesting retirement for physical disability. After consideration of the request and supporting medical records, the Commission concluded that Judge McPherson was unable to discharge the duties of his office, and on June 13, 1989, it recommended to the Missouri Supreme Court that Judge McPherson be granted disability retirement.

Thereafter, on June 26, 1989, Judge McPherson entered an order overruling defendant's pending motion to amend proof of process or to set aside the default judgment. Defendant appealed to this Court from that order on July 6, 1989.

Defendant presents three points for consideration: (1) that there was no valid proof of service of process on defendant in the lawsuit for malicious prosecution by plaintiffs against defendant; (2) that the trial court abused its discretion in overruling the motion to set aside the default judgment; and (3) that Judge McPherson had no jurisdiction to act in the case after June 13, 1989. Because we sustain the point last mentioned, it becomes unnecessary (and indeed we have no jurisdiction) to rule the other two points.

■ Supreme Court Rule 12.06 provides:

"A judge is disqualified from acting as a judicial officer while there is pending * * * a recommendation to this Court by the Commission for his removal or retirement * * *."

The Commission did make a recommendation to the Supreme Court for Judge McPherson's retirement on June 13, 1989. By the express terms of Rule 12.06, Judge McPherson had no jurisdiction on June 26, 1989, to overrule defendant's motion as he purported to do.

■ Plaintiffs argue that Judge McPherson's inability to act on June 26, 1989, is immaterial, because the motion had already become overruled automatically on February 8, 1989. They reason that the motion to set aside the default was an after trial motion under Rule 81.05 and is subject to the same time limitations as a motion for new trial; and therefore the motion to set aside is subject to the provision of Rule 78.06 that if the trial court does not pass upon the motion within 90 days after it is filed, it is denied for all purposes. Plaintiffs further argue that this appeal came too late, because it was filed more than ten days after February 8, 1989.

Although not cited by plaintiffs, their argument is supported by some cases decided prior to the rules revision which became effective January 1, 1988. These

cases say that a motion to set aside a default judgment can properly be considered as an after trial motion in the nature of a motion for new trial and is therefore subject to the time limitations of old Rules 75.01, 78.04 and 78.06. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637 (Mo. banc 1982); *Gorzel v. Orlamander,* 352 S.W.2d 675 (Mo.1961); *J & J Window Sales, Inc. v. Mueller,* 567 S.W.2d 153 (Mo.App.1978); *Murray v. Sanders,* 667 S.W.2d 426 (Mo. App.1984); *State ex rel. Campbell v. Anderson,* 536 S.W.2d 200 (Mo.App.1976). See, however, *Head v. Ken Bender Buick Pontiac, Inc.,* 452 S.W.2d 596, 597 (Mo. App.1970), which holds that any of the six remedies afforded to set aside a default judgment should not be deemed a new trial or "after-trial motion" for purposes of the rule providing for an automatic denial of the motion 90 days after filing.

However, those cases have become inapplicable because of the adoption of Rule 74.05(c), effective January 1, 1988. That rule now provides for one year after entry of the default for the filing of a motion to set aside that default. This new time provision serves to sharply distinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof. The latter motions must be filed within 15 days after judgment and will be automatically denied if not otherwise ruled at the end of 90 days. These time limitations cannot logically apply to motions to set aside defaults, which now may be filed as long as one year after the rendition of the default.

Moreover, even under the former rules, a motion to set aside a default judgment could be treated as an independent petition in equity. *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883 (Mo. banc 1987). That same conceptual approach has been carried forward under new Rule 74.05(c) in *State ex rel. King v. Huesemann,* 776 S.W.2d 488 (Mo.App.1989), where a default judgment was entered November 17, 1988. A motion to set aside that default was filed under Rule 74.05(c) on April 7, 1989, and the movant applied for change of judge under Rule 51.05 on April 27, 1989. The trial court was of the opinion that the motion for change of judge was untimely be-

cause it should have been filed within 30 days after defendant's answer was due in the original proceeding. This court prohibited the trial court from denying the application for change of judge, on the ground that the motion to set aside the default judgment was an independent proceeding to be treated as a petition in an original action.

Under this conception as to the nature of a motion to set aside a default judgment, the proceeding is an independent action and cannot terminate automatically after 90 days any more than a new suit in equity would so terminate.

The conclusion is required that the motion to set aside the default judgment was not automatically disposed of on February 8, 1989, but rather was still pending in June 1989. Judge McPherson had become disqualified to act on June 13, 1989, and his purported order of June 26 was null and of no effect. Because there has been no final appealable order entered in this case, this court has no jurisdiction and has no alternative but to dismiss the appeal and remand this case for further proceedings.

FLANIGAN, P.J., and SHRUM, J., concur.