**Rosemary Therese DORAN,
Respondent,**

v.

**Terry Tyler DORAN, Appellant.**

No. 23342.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 25, 2000.

Jeffrey B. Marquardt, Springfield, for appellant.

Susan S. Jensen, Pratt, Fossard & Jensen, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

Terry Tyler Doran (husband) appeals the denial of a motion to set aside a default

dissolution of marriage judgment. This court affirms.

Rosemary Therese Doran (wife) filed a petition for dissolution of marriage June 6, 1997. She filed an amended petition June 10, 1997. Husband was served with summons but filed no responsive pleading. No action was taken in the case until March 6, 1998, when wife's attorney appeared in court and the case was placed on the trial docket. According to a June 26, 1998, docket entry, the case was set for trial on August 3, 1998.

The record on appeal reflects that wife's attorney and husband appeared on August 3, 1998. The trial court announced the case would be for trial commencing at 10:00 a.m., August 4, 1998. After noting the trial setting, the trial court's docket sheet states, "[Husband] returns to Court after [wife] had left Courtroom. [Husband] requests a continuance and same denied."

On August 4, 1998, wife and her attorney appeared. Husband appeared pro se and requested continuance. The request was denied. The trial court docket sheet states, "Procedure explained and [husband] asked for recess and left Courtroom. [Husband] failed to return at the designated end of the recess and hearing was held and evidence presented. Matter taken undeer [sic] advisement and [wife's attorney] to submit a revised property schedule and Findings for Judgment." Findings and recommendations were entered by a family court commissioner that same date and all the papers relative to the proceeding were transmitted to the family court judge. *See* Rule 129.08.

An attorney entered his appearance for husband on August 17, 1998, and filed a motion for rehearing. The findings and recommendations of the commissioner were adopted by the family court judge October 1, 1998, and entered as the final judgment in the case. The trial court's docket entries reflect husband's motion for rehearing was denied October 6, 1998.[1] Notice of appeal was filed by husband November 9, 1998. On May 5, 1999, this court dismissed that appeal for the reason that husband "failed to take further steps to secure appellate review within the periods of time allowed."

On June 29, 1999, husband filed a motion to set aside the default judgment.[2] An evidentiary hearing was held November 16, 1999, after which the motion was denied. This appeal followed.

Husband presents two points on appeal. The first asserts that the trial court erred in denying the motion to set aside the default dissolution judgment "because [husband] had meritorious defenses in that the division of property was not just, nonmarital property was classified as marital property, the valuation of the property was grossly inaccurate, [husband] does not have the ability to pay the child support as ordered, [husband] does not have the ability to pay the maintenance as ordered, and the child custody provisions are not in the best interest of the children." The second asserts that the trial court erred in denying the motion to set aside the default

---

**1.** The judgment bears the date "10/1/98." The October 6, 1998, docket entry that denied the motion for rehearing recites the approval and adoption of the commissioner's findings and recommendations as the final judgment in the case. The circuit clerk's file-date stamp, however, states the filing date as "OCT 07 1998." No issue regarding these inconsistencies is raised in this appeal.

**2.** Rule 74.05(d) provides:
Upon motion stating facts constituting a meritorious defense and for good cause shown, ... a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside ... a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

judgment because the motion "was supported by good cause in that [husband's] actions or inactions were not intentionally or recklessly designed to impede the judicial process" because husband believed wife would not proceed with the dissolution action. Point II further asserts that husband "suffered from emotional and physical conditions which prevented him from participating in the trial and from understanding the full significance of the judicial process."

Wife suggests that the issues husband asserts by this appeal were raised in husband's motion for rehearing directed to the findings and recommendations included in the underlying judgment; that husband may not now relitigate those matters. This court agrees.

"A court's judgment to grant or to deny a motion to set aside a default judgment is independent of the underlying judgment." *Moore v. Baker*, 982 S.W.2d 286, 288 (Mo.App.1998). *See also Gantz v. Director of Revenue*, 921 S.W.2d 156, 157 (Mo.App.1996); *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App.1990). "[M]aterial facts in issue in a former action and judicially determined are conclusively settled by the judgment and may not be again litigated between the same parties regardless of the form the issue may take in the subsequent action." *Seckel v. Seckel*, 659 S.W.2d 529, 531 (Mo.App.1983). The issues included in husband's motion for rehearing were conclusively settled by the dismissal of his appeal of the underlying judgment. Those issues may not be relitigated. The only issue in husband's motion to set aside the default judgment that was not included in his motion for rehearing in the underlying action was that he believed he and wife would reconcile; that this was "good cause" for allowing the case to go by default.

Wife testified at the evidentiary hearing that she never told husband or led him to believe the case would not go to trial. She did not tell him she would be willing to reconcile. She said when she attempted to discuss issues that would be addressed at the dissolution proceeding in an effort to reach an agreement, his response would be, "Let the judge decide." The trial court did not find in favor of husband on this matter. This court finds no abuse of discretion with respect to that determination. The order denying husband's motion to set aside the underlying default judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.