Don HUTCHISON, Respondent,

v.

Jack VANDENBURG and Mary
Vandenburg, Appellants.

No. WD 61262.

Missouri Court of Appeals,
Western District.

Nov. 12, 2002.

James Guthrie Jr., NV, for Appellant.

Kendall Reid Vickers, NV, for Respondent.

PAUL M. SPINDEN, Judge.

At issue in this appeal is whether a party can appeal by means of trial *de novo* the denial of a motion to set aside a default judgment by the small claims division of the circuit court. The issue arose after the small claims division entered a default judgment against Jack and Mary Vandenburg. Over 100 days later, they asked the small claims division, in a motion filed under Rule 74.05(d), to set aside the default judgment, but the court denied their request.

The Vandenburgs then sought the circuit court's *de novo* review by asking the circuit court to consider their motion to set aside the default judgment *de novo*. The circuit court ruled that the Vandenburgs' application for trial *de novo* was untimely. The Vandenburgs appeal, and we affirm the circuit court's judgment.

The Vandenburgs argue:

The trial court erred in holding that the application for trial *de novo* of the denial of the motion to set aside default judgment to the circuit division was untimely, because the motion to set aside default judgment in small claims division was made within one year following rendition of the entry of the default judgment, and because the subsequent application for trial *de novo* of the denial of the motion to set aside default judgment was filed in the circuit division within ten days following entry of the denial of the motion to set aside default in small claims court.

The Vandenburgs contend that their application for trial *de novo* was timely because they filed their motion to set aside default judgment within one year following rendi-

tion of the default judgment as required by Rule 74.05(d) and because they, in turn, filed their application for trial *de novo* within 10 days of the small claims court's denial of their motion as required by § 482.365.2.[1]

■ As mandated by Rule 140.01, rules 140 through 152 govern procedure in small claims litigation. Although Rule 145.01 authorizes the small claims division to enter a default judgment when a defendant fails to appear, nothing in Rules 140 through 152 provides for the small claims division's setting aside of a default judgment. As a court of limited jurisdiction, the small claims division must act within the limits of statutory provisions and the Supreme Court's procedural rules. *See American Life and Accident Insurance Company v. Morris*, 281 S.W.2d 601, 603 (Mo.App.1955).

■ Rule 140.05 says, "If no procedure is provided by these Rules, the small claims division shall proceed in a manner consistent with the practice and procedure in the associate circuit division in like situations but not inconsistent with these Rules 140 through 152." A motion to set aside default judgment pursuant to Rule 74.05(d) is a procedure available in associate circuit division. *Parkside Wireworks, L.L.C. v. MDG Management Corporation*, 69 S.W.3d 133, 135–36 (Mo.App.2002). We discern nothing in Rules 140 through 152 that is inconsistent with the small claims division's setting aside its default judgments pursuant to Rule 74.05(d).

An issue emerges, then, whether or not the Vandenburgs could appeal by means of trial *de novo* the small claims division's denial of their motion to set aside filed pursuant to Rule 74.05(d). Section 482.365.2 governs appeals from small

---

1. All citations of statutes refer to the 2000 Revised Statutes.

claims proceedings. Rule 151.01. The statute says:

> Any party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo. The right to trial de novo shall be perfected by filing an application for trial de novo with the clerk of the small claims court within ten days after the judgment is rendered.

■ The Vandenburgs argue that their motion was an independent action and that the small claims division's denial was also a final judgment from which they could seek a trial *de novo* in the circuit court under § 482.365.2. The Vandenburgs are partially correct. A motion to set aside default filed after the default judgment has become final is an independent action, and the circuit court's judgment to grant or to deny that motion is independent of the underlying judgment. *Popular Leasing USA, Inc. v. Universal Art Corporation of New York,* 57 S.W.3d 875, 878 (Mo.App. 2001); *Moore v. Baker,* 982 S.W.2d 286, 288 (Mo.App.1998). We do not glean from the statute, however, that the General Assembly granted the Vandenburgs a trial *de novo* of their post-default judgment motion.

■ In § 482.310(7), the legislature mandated that Chapter 482 be "liberally construed and applied to effectuate the purposes of the act." Even a liberal construction of § 482.365.2 makes clear that the statute does not confer a right to trial *de novo* in the circuit court from a motion to set aside default. The provision that "[a]ny party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding ... may have a trial de novo," when read in isolation, arguably supports the Vandenburgs' position. We must, however, avoid reading statutory language in isolation. Instead, we read the entire statute and interpret it according to the intent revealed by that context. *Missouri Rural Electric Cooperative v. City of Hannibal,* 938 S.W.2d 903, 905 (Mo. banc 1997).

Section 482.365.2 provides:

Any party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo. The right to trial de novo shall be perfected by filing an application for trial de novo with the clerk of the small claims court within ten days after the judgment is rendered. A copy of same shall be mailed by the clerk to the opposing party or his attorney of record or served upon him as provided by law for the service of notices within fifteen days after the judgment was rendered, but no application for a trial de novo shall stay execution unless and until the applicant, or some person for him, together with one or more solvent sureties to be approved by the small claims court judge, within the time prescribed for filing the application for trial de novo, enter into a recognizance before the small claims court judge, to the adverse party, in a sum sufficient to secure the payment of such judgment and costs, conditioned that the applicant will prosecute his application for trial de novo with due diligence to a decision, and that if on such trial de novo judgment is given against him, he will pay such judgment, and that, if his application for trial de novo is dismissed, he will pay the judgment rendered by the small claims court judge, together with the costs. The trial de novo shall be governed by the practice in trials before circuit judges, except that by agreement of the parties the case may be tried by a jury of not less than six persons. On an application for a trial de novo from a judgment of a

small claims court, if the defendant is the applicant, the plaintiff shall not be required to give security for costs. Costs shall be assessed as in other cases heard in circuit court. Notwithstanding any other provisions of law to the contrary, if the defendant applies for a trial de novo pursuant to this section, the plaintiff shall be allowed to amend the petition to state a claim which is within the jurisdictional limit of the circuit court.

From this statute we conclude that trial de novo is from the judgment on the underlying petition itself rather than a motion to set aside default. For example, the statute provides, among other things, that when a petition for trial de novo is filed, the matter can be tried by a jury if the parties consent, and that a plaintiff is "allowed to amend the petition to state a claim which is within the jurisdictional limit of the circuit court." The stating of additional monetary claims and trial by jury would have no place in a hearing on a motion to set aside default, de novo or otherwise. Rather, those procedures are consistent only with a trial de novo of the case on its merits. The context gives the provision for trial de novo its meaning.

 The right to appeal is statutory. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). Likewise, the right to appeal by trial de novo is purely statutory and must be invoked in accordance with the applicable statute. *State v. Pepper,* 686 S.W.2d 53, 54 (Mo.App.), *cert. denied,* 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 77 (1985). Even rules of court promulgated under the constitutional grant of authority cannot expand or detract from that which the General Assembly has provided. Mo. CONST. art. V, § 5 (1945) ("The rules shall not change ... the right of appeal."); *State v. Reese,* 920 S.W.2d 94, 95 (Mo. banc 1996).

The General Assembly, in its promulgation of § 482.365.2, did not vest the circuit court with jurisdiction to hear an appeal from the small claims division's denial of a motion to set aside default judgment. As such, the circuit court properly overruled the Vandenburgs' application for trial de novo of their motion to set aside default judgment.

Because we do not render advisory opinions, *State ex rel. RAS Investment, Inc. v. Landon,* 75 S.W.3d 847, 849 (Mo.App. 2002), our holding does not address whether another avenue of review was available to the Vandenburgs. They have not presented that issue to us.

We, therefore, affirm the circuit court's judgment.

ROBERT G. ULRICH, Presiding Judge, and EDWIN H. SMITH, Judge, concur.