In re the MARRIAGE OF Mary
Jane COONTS and Mark
Coonts Mary.

Jane Coonts, Petitioner–Respondent,

and

Mark Coonts, Respondent–Appellant.

No. 27052.

Missouri Court of Appeals,
Southern District,
En Banc.

May 5, 2006.

Brad D. Eidson, Houston, MO, for Appellant.

Michael B. Curtis, West Plains, MO, for Respondent.

PER CURIAM.

Respondent Mary Jane Coonts (Wife) obtained a default judgment in the Circuit Court of Texas County dissolving her marriage .to Appellant Mark Coonts (Husband). Husband filed a "Motion for New Trial or, In the Alternative, Vacating, Reopening, Correcting, Amending or Modifying this Prior Judgment" (Motion) which

the trial court considered, at Husband's request, as a motion to set aside default judgment under Rule 74.05(d).[1] Following an evidentiary hearing, the trial court denied the Motion, and Husband appeals. We dismiss the appeal for lack of jurisdiction.

## 1) Procedural Background

Wife filed her petition for dissolution of marriage on September 23, 2004. Service of process was obtained on Husband on October 7, 2004. A default hearing on the petition was held by the trial court on January 4, 2005. Over two months later, on March 10, 2005, the trial court entered its "Judgment, Order and Decree of Dissolution of Marriage" (Default Judgment). Twenty days thereafter, on March 30, 2005, Husband filed his Motion. The trial court held an evidentiary hearing on the Motion on May 27, 2005. That same day, following the hearing, this entry was made in the docket: "Ct. takes up Motion for New Trial. Both parties appear. Hearing held and evidence adduced. Motion denied. (Copy to attys)." Ten days later, Husband filed his Notice of Appeal with the trial court clerk.

## 2) Appellate Jurisdiction

This Court was presented an almost identical procedural background in *In re Marriage of Tyree*, 978 S.W.2d 846 (Mo. App. S.D.1998). The husband in *Tyree* obtained a default dissolution judgment against wife. *Id.* at 847. Fourteen days after its entry, wife filed her motion to set aside the default judgment. *Id.* Thereafter, an evidentiary hearing was held by the trial court, immediately following which, the trial court denied wife's motion by docket entry, and wife appealed. *Id.* We, *sua sponte*, examined our jurisdiction to entertain the appeal noting:

> "[Such an inquiry] is not a matter of mere technical concern. Judicial integrity and restraint demand it. 'To avoid arbitrary discretion in the courts, it is indispensable that they should be bound by strict rules and precedents which serve to define and point out their duty in every particular case that comes before them.' *The Federalist Papers No. 78* (Alexander Hamilton). Courts, no less than the citizens they serve, must abide by the rules and precedents defining their jurisdiction. To do otherwise is to erode the very foundation of the rule of law."

*Id.* (quoting *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450[1] (Mo.App. 1994)).

The jurisdictional concern in *Tyree*, as in this case, was the failure of the docket entry denying the motion to set aside the default judgment to be denominated as a judgment. *Id.* We explained this concern as:

> The usual requirement that a document or docket notation be "denominated" a "judgment" is found in Rule 74.01(a).[2]

---

1. All references to statutes are to RSMo 2000, and all references to rules are to Missouri Court Rules (2006), unless otherwise indicated.

2. At the time *Tyree* was decided, Rule 74.01(a) provided:
   (a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.
   This rule was thereafter amended effective July 1, 1998 and then again effective January 1, 2001, so that it currently provides:
   (a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judg-

[Original footnote omitted]. In *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo.banc 1997), the court explained that Rule 74.01(a) was intended to clarify what constitutes a "judgment" within the meaning of §§ 511.020 and 512.020, RSMo 1994. *Id.* at 852–53. In that context, the *Hughes* court held that if a trial court makes a docket entry, signs a memorandum, or otherwise purports to enter a "judgment" without denominating the same as a "judgment," then there is no "final judgment" for purposes of appeal. *Id.*[3]

*Id.* at 847–48. We framed this issue by stating: "Our authority to consider this

> ment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered. The docket entry in the instant case is not denominated as either a "judgment" or "decree."

**3.** Section 511.020, during all times relevant in this opinion, provided and currently provides: "A 'judgment' is the final determination of the right of the parties in the action."

Section 512.020, during all times relevant in this opinion up to August 28, 2004, provided: Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving any injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or deci-

appeal depends on whether the trial court's order overruling Wife's motion to set aside a default judgment is governed by Rule 74.01(a). If so, we lack jurisdiction and the appeal must be dismissed." *Id.* at 848. Finding that section 512.020 provides for the appeal of some "orders" that are not "final judgments," we resolved this issue in the negative and held that "the 'denomination' requirement of Rule 74.01(a) is inapplicable here because the denial of a motion to set aside a default judgment is a 'special order' within the meaning of § 512.020 and is, therefore, appealable." *Id.* Our jurisdictional inquiry in the instant case could end at this point,

> sion of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

Section 512.020 was amended effective August 28, 2004 to provide:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:

(1) Order granting a new trial;

(2) Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction;

(3) Order granting or denying class action certification provided that:

   (a) The court of appeals, in its discretion, permits such an appeal; and

   (b) An appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders;

(4) Interlocutory judgments in actions of partition which determine the rights of the parties; or

(5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

as it did in *Tyree*, proceeding to decide the appeal on the merits, except for *Brooks v. Brooks*, 98 S.W.3d 530 (Mo. banc 2003).

In *Brooks*, our Supreme Court was confronted with a Qualified Domestic Relations Order (QDRO) entered by the trial court after entry of the underlying dissolution judgment. *Id.* at 531. The QDRO was not denominated as a "judgment" or "decree." *Id.* The Supreme Court held:

> Although the QDRO is an appealable special order, to perfect the appeal it is still necessary to denominate the order as a "judgment or decree." This requirement, set out in Rule 74.01(a), applies to "decree[s] and any order from which an appeal lies." *Tyree v. Tyree*, 978 S.W.2d 846 (Mo.App.1998), which appears to be the only case to address the application of Rule 74.01(a) to special orders under section 512.020, holds to the contrary, and is now overruled.

*Id.* at 532.

There is certainly a temptation for us to conclude our jurisdictional inquiry at this point by simply dismissing this appeal for lack of a final judgment, in accordance with the holding in *Brooks*. However, developments in case law related to Rule 74.05(d) out of the Eastern and Western Districts of our Court, occurring after *Tyree*, cause us to pause and consider a novel issue for our court—whether a motion to set aside a default judgment pursuant to Rule 74.05(d), filed *before* the underlying default judgment becomes final, is an after-trial motion under Rule 78, such that a

timely appeal of the underlying default judgment, once it becomes a "final judgment" following the denial of the motion to set it aside by the trial court, grants us jurisdiction under section 512.020 to hear and decide the appeal. Unfortunately, this will not be a short pause.

In order to properly address this issue, it will be necessary to explore the status of the law before the enactment of Rule 74.05(d); consider the development of the case law in our District of this Court since the enactment of Rule 74.05(d); discuss the case law divergence in the Eastern and Western Districts of our Court since 1999; come to some conclusions about the status of the law; and apply those conclusions to the facts of this case.

**a) Status of Law Before January 1, 1988—the Effective Date of Rule 74.05(c), now Rule 74.05(d)**

The provisions of current Rule 74.05(d) [4] were originally adopted as Rule 74.05(c), effective on January 1, 1988. *Volvo Fin. North America, Inc. v. Raja*, 754 S.W.2d 955, 957 n. 1 (Mo.App. W.D.1988). Rule 74.05 was thereafter amended, effective January 1, 1994, and, among other changes to the Rule, the former subsection (c) was re-designated as subsection (d), but no change was made in the actual language used in the subsection. *Cont'l Basketball Ass'n v. Harrisburg Professional Sports*, 947 S.W.2d 471, 474 (Mo.App. E.D.1997).

The Court in *Volvo* noted:

> cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

---

**4.** Rule 74.05(c), as originally adopted and as re-designated in 1994 as Rule 74.05(d), provides:

> When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good

The Missouri Supreme Court has repealed former Rules 74.01–74.78, which include the default judgment rules and adopted in lieu thereof Rules 74.01–74.14 which include new default judgment rules. The new rules became effective January 1, 1988. New Rule 74.05(c) provides that a default judgment may be set aside upon a motion made within a reasonable time not to exceed one year. The thirty day requirement of the old rules has been abolished. Under the old rules a new petition in equity provided the necessary jurisdiction for the trial court to proceed after the expiration of 30 days when the judgment was final.

*Id.* at 957.

So, before the effective date of the "new" rule, a defaulting party had only *thirty* days after the entry of a default judgment within which to file a motion to set it aside. This time period corresponded with the provisions of Rule 75.01,[5] granting the trial court control over judgments for thirty days after entry, and Rule 81.05,[6] providing, as a general rule, that for purposes of appeal, a judgment becomes final thirty days after its entry.

We observed in *Clark v. Brown,* 794 S.W.2d 254, 256 (Mo.App. S.D.1990), that before the effective date of the new rule 74.05(c), a substantial body of case law had developed saying that:

> [A] motion to set aside a default judgment can properly be considered as an after trial motion in the nature of a motion for new trial and is therefore

subject to the time limitations of old Rules 75.01, 78.04 and 78.06. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637 (Mo.banc 1982); *Gorzel v. Orlamander,* 352 S.W.2d 675 (Mo.1961); *J & J Window Sales, Inc. v. Mueller,* 567 S.W.2d 153 (Mo.App.1978); *Murray v. Sanders,* 667 S.W.2d 426 (Mo.App.1984); *State ex rel. Campbell v. Anderson,* 536 S.W.2d 200 (Mo.App.1976).

*Clark,* 794 S.W.2d at 256.

On the other hand, if a party desired to challenge a default judgment *after* the expiration of the thirty-day period within which to file a motion to set it aside and after the default judgment had become final, such a challenge required the filing of a petition to initiate an independent suit in equity. *Volvo,* 754 S.W.2d at 957. It is against this backdrop that our Court first addressed the new rule 74.05(c).

**b) Development of Interpretation of Rule 74.05(c), now 74.05(d), by the Southern District as an independent action in all circumstances**

In *Clark,* the first appellate case decided on facts arising after the effective date of the new Rule 74.05(c), plaintiffs obtained a default judgment against defendant on August 17, 1988. *Clark,* 794 S.W.2d at 255. Eighty-five days later, on November 10, 1988, defendant filed a motion to set aside the default judgment. *Id.* A hearing on this motion was held on March 1, 1989, and the trial court entered its order denying the motion on June 26, 1989. *Id.* Ten days

---

5. Rule 75.01 was last amended effective January 1, 1981.

6. Rule 81.05 was adopted effective on January 1, 1980 and, provided in part: "For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." This language remained unchanged when this Rule was other-wise amended effective January 1, 1994 and then effective July 1, 1996. The last amendment to this Rule was effective January 1, 2000 and now provides, in part: "For purpose of ascertaining the time within which an appeal may be taken: (1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed."

later, defendant filed his Notice of Appeal. *Id.* On appeal, plaintiffs contended that defendant's Notice of Appeal was not timely filed because the motion to set aside the default judgment was an after-trial motion under Rule 81.05, which pursuant to Rule 78.06 [7] was automatically overruled on February 8, 1989, the ninetieth day after it was filed. *Id.*

Apparently, plaintiffs' contention in *Clark* was premised upon the proposition that the new Rule 74.05(c) simply expanded the time period within which to file a motion to set aside a default judgment (an authorized after-trial motion by prior case law) from *thirty* days under the old rule to "within a reasonable time not to exceed one year" under the new Rule 74.05(c). *Id.* Confronted with this contention and the fact that the new Rule 74.05(c) did not suggest anything to the contrary, we were faced with determining whether *all* timely filed motions to set aside a default judgment under the new rule 74.05(c) were after-trial motions, as characterized by prior case law, or whether *all* such motions were independent actions. *Id.*

In response to plaintiffs' contention and the cases cited by plaintiffs holding that a motion to set aside a default judgment was an after-trial motion, as quoted previously from *Clark*, we stated:

> However, those cases have become inapplicable because of the adoption of Rule 74.05(c), effective January 1, 1988. That rule now provides for one year after entry of the default for the filing of a motion to set aside that default. This

new time provision serves to sharply distinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof. The latter motions must be filed within 15 days after judgment and will be automatically denied if not otherwise ruled at the end of 90 days. These time limitations cannot logically apply to motions to set aside defaults, which now may be filed as long as one year after the rendition of the default.

*Id.* at 256.

We further stated: "Under this conception as to the nature of a motion to set aside a default judgment [referring to the 'new' Rule 74.05(c)], the proceeding is an independent action and cannot terminate automatically after 90 days any more than a new suit in equity would so terminate." *Id.*

Four years after *Clark*, we decided *LaRose v. Letterman*, 890 S.W.2d 347 (Mo. App. S.D.1994). Thirteen days after the entry of a default judgment against him, defendant filed a motion to set it aside under Rule 74.05(c). *Id.* at 349. Two days later, on March 3, 1994, the trial court denied the motion. *Id.* Thirty-nine days after the denial of the motion, on April 11, 1994, defendant filed his Notice of Appeal. *Id.* Plaintiff moved to dismiss the appeal, claiming that the default judgment entered on February 16, 1994 became final on the thirtieth day thereafter (March 18, 1994), and defendant's filing of his Notice of Appeal (occurring more than ten days there-

---

**7.** Rule 78.06, effective January 1, 1975, provided, in part: "If the motion for new trial is not passed on within 90 days after the motion is filed, it is denied for all purposes."

Effective July 1, 1996 Rule 78.06 was amended to read, in part: "If the motion for new trial is not ruled on within ninety days after the motion is filed, it is overruled for all purposes."

Effective January 1, 2000, Rule 78.06 was last amended to read, in part: "Any motion for new trial, motion to amend the judgment or opinion, or motion for judgment notwithstanding the verdict is overruled for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed."

after) rendered it untimely. *Id.* In response to plaintiff's motion to dismiss the appeal and referring to defendant's motion to set aside the default judgment, we stated:

> Such a motion is an independent action, the determination of which is an independent judgment. *Kueper v. Murphy Distributing,* 834 S.W.2d 875, 878 (Mo. App. E.D.1992). That judgment becomes final thirty days after its entry and an appealing party then has ten days thereafter within which to appeal. In the instant case, the denial of the motion occurred on March 3, 1994. The notice of appeal, filed thirty-nine days later on April 11, was timely.[8]

*Id.*

Unlike *Clark,* the *LaRose* case involved a motion to set aside a default judgment filed *before* the underlying default judgment became final and which would have been timely filed if it had been considered as an after-trial motion. However, as in *Clark,* we did not draw any distinction concerning whether the motion was filed *before* or *after* the underlying default judgment became final—it was an independent action requiring an independent judgment, regardless of when it was filed.

In *Thompson v. St. John,* 915 S.W.2d 350 (Mo.App. S.D.1996), we were confronted with a motion to set aside a default judgment filed by defendants ten days after the entry of the underlying default judgment. *Id.* at 352–53. More than six months after the filing of this motion, the trial court sustained the motion and set aside the underlying default judgment. *Id.* at 357. Plaintiffs contended that the appeal was not timely, in that the Notice of Appeal was filed more than ten days after the motion to set aside the default judgment was automatically overruled by expiration of the ninety-day time period provided for by Rule 78.06. *Id.* at 357–58. Citing *Clark,* we held that the motion to set aside the default judgment was not an after-trial motion subject to the time period in Rule 78.06 and, therefore, "was not automatically denied ninety days after" it was filed. *Thompson,* 915 S.W.2d at 358. As in *LaRose,* the motion to set aside the default judgment in *Thompson* was filed *before* the underlying default judgment had become final. And, as in *Clark* and *LaRose,* we drew no distinction as to whether the motion was filed *before* or *after* the underlying default judgment had become final.

Effective January 1, 1995, Rule 74.01(a) was amended and, for the first time, imposed the requirement that a judgment must be denominated as a "judgment." This change in Rule 74.01(a) ultimately led to our *Tyree* decision in 1998, discussed previously. Underpinning the decision in *Tyree* are the holdings in *Clark, LaRose* and *Thompson,* as previously discussed:

---

**8.** In *Kueper,* the motion to set aside the default judgment was filed *after* the underlying default judgment had become final. *Kueper,* 834 S.W.2d at 876. The Eastern District of our Court, relying upon *Clark* after discussing *Clark* at length and without drawing any distinction as to whether the motion to set aside was filed before or after the underlying default judgment became final, stated:

> We now hold that because a motion to set aside a default judgment is an independent action which does not automatically terminate after 90 days, the trial court's determination of whether to grant or deny such a motion is an independent judgment. As such, the trial court retains control over its judgment for thirty days after the entry of said judgment, and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Rule 75.01. At the expiration of this thirty day period, the judgment becomes final. A party then has ten days to appeal from the judgment, pursuant to Rule 81.04(a).

*Kueper,* 834 S.W.2d at 878.

that a motion to set aside a default judgment is an independent action requiring an independent judgment without regard to whether it was filed *before* or *after* the underlying default judgment became final. We held in *Tyree* that this independent judgment was a "special order after final judgment," as described in section 512.020, and therefore was not subject to the denomination requirement of Rule 74.01(a). *Tyree*, 978 S.W.2d at 848. This resolved the "denomination" issue until *Brooks*, handed down by our Supreme Court on March 4, 2003, involving a QDRO entered after the entry of the underlying dissolution judgment, as previously discussed, overruled *Tyree* on this issue, holding that a "special order after final judgment" is subject to the denomination requirement of 74.01(a). *Brooks*, 98 S.W.3d at 532. This re-imposed denomination issue was already pending in our Court.

*In re Marriage of Macomb*, 169 S.W.3d 191 (Mo.App. S.D.2005) was a dissolution action in which a default judgment was entered in favor of wife and against husband on July 24, 2001. *Id.* at 192. Twenty-eight days later, before the underlying default judgment became final, husband filed his motion to set it aside. *Id.* at 193. Forty-nine days after filing, on October 9, 2001, the motion was denied by the trial court. *Id.* Thirty-six days after denial, on November 14, 2001, husband filed his Notice of Appeal. *Id.* On October 15, 2003,

seven months after *Brooks* was handed down, we dismissed the appeal "because the ruling on [husband's] motion to set aside the dissolution was not a final judgment." [9] *Id.* Following the dismissal of the appeal and after entry of a final judgment by the trial court denying the Husband's motion to set aside the default judgment and then a subsequent appeal, we affirmed. *Id.* at 194. *Macomb* joined *Clark, LaRose, Thompson,* and *Tyree* in relying upon the proposition that a motion to set aside a default judgment is an independent action requiring an independent judgment without regard to whether it was filed *before* or *after* the underlying default judgment became final.

c) **Divergence in the Application of Rule 74.05(d) by the Eastern and Western Districts**

In late 1999 the Eastern District of our Court decided *Klaus v. Shelby*, 4 S.W.3d 635 (Mo.App. E.D.1999) (*Klaus I* ).[10] In this case, plaintiffs obtained a default judgment against the defendant on October 13, 1998. *Id.* at 636. Ten days later, defendant filed his motion to set aside the default judgment. *Id.* This motion was ultimately granted by the trial court on December 10, 1998, forty-nine days after it was filed. *Id.* at 637. Plaintiffs appealed the granting of the motion to set aside the default judgment. The Eastern District dismissed the appeal, holding that a mo-

---

**9.** From our court records from the first appeal, it appears that during most of the time period between the filing of the Notice of Appeal and its dismissal, the appeal was stayed by husband's bankruptcy filing. Also, our court records in that appeal show that our Order, entered on October 15, 2003, provided, in part:

The Court notes that the trial court's October 9, 2001, docket entry is not in the form of a "judgment" as contemplated by Rule 74.01(a) inasmuch as it is neither signed by a judge nor denominated "judgment" or

"decree." *See Brooks v. Brooks,* 98 S.W.3d 530 (Mo.banc 2003); *State v. Miller,* 69 S.W.3d 918 (Mo.App.2002); *Jon E. Fuhrer Co. v. Gerhardt,* 955 S.W.2d 212 (Mo.App. 1997). *See also Grissum v. Soldi,* 87 S.W.3d 915, 917 (Mo.App.2002).

**10.** Following the dismissal of the first appeal and trial on the merits, this case was subsequently appealed to the Eastern District. *Klaus v. Shelby,* 42 S.W.3d 829 (Mo.App. E.D. 2001). The first appeal will be referred to as *Klaus I* and the second as *Klaus II.*

tion to set aside a default judgment under Rule 74.05(d) is an "authorized after trial motion which extends the trial court's control over the default judgment to ninety days from the day the motion is filed[,]" *id.* at 637, and that the *granting* of such motion "within the ninety-day period of control is interlocutory in nature and is not immediately appealable and a trial on the merits may follow[,]" [11] *id.* at 638. The basis stated for the lack of immediate appealability was: "There being no final judgment [referring to the underlying default judgment set aside by the trial court's grant of the motion to set it aside], this court is without jurisdiction to hear this appeal." *Id.* at 639.

The significance of the holding in *Klaus I* to the case before us on this appeal is that if a motion to set aside a default judgment, filed before the underlying default judgment becomes final for purposes of appeal, is an authorized after-trial motion, then the subsequent appeal is taken from the underlying default judgment once it becomes final. Therefore, the denomination requirement of 74.01(a) would apply to the underlying default judgment and not to the docket entry denying the motion to set it aside, thereby giving us jurisdiction to hear this appeal. Section 512.020. Adoption of the Eastern District's holding in *Klaus I*, however, would require us to limit our holding in *Clark* and overrule, or no longer follow, our holdings in *LaRose*, *Thompson* and *Tyree.*

The Eastern District in *Klaus I* premised its holding that a motion to set aside a default judgment filed *before* the trial court lost jurisdiction over the underlying default judgment is essentially a motion for new trial (an authorized after-trial motion) upon the following:

> In 1993, the Missouri Supreme Court in *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390 (Mo.1993), quoted with approval its holding in *In re Franz' Estate,* 359 Mo. 362, 221 S.W.2d 739, 740 (Mo.1949) that "a motion to set aside a default judgment 'was nothing more than a motion asking the trial court to reconsider its ruling and to set aside its dismissal order. It was, in fact, simply a motion for rehearing or new trial.'" *Id.* (quoting *In re Franz' Estate,* 221 S.W.2d at 740) (emphasis added).

*Klaus I,* 4 S.W.3d at 637–38.

Even though *Taylor* characterized the contested motion in *Franz' Estate* as a motion to set aside a default judgment, *Franz' Estate* did not involve such a motion. Neither did *Taylor.*

*Franz' Estate* dealt with whether a motion to set aside an order dismissing the plaintiff's petition was an authorized after-trial motion. *Id.* at 740. *Taylor* dealt with whether a "Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment" was an authorized after-trial motion. *Taylor,* 854 S.W.2d at 392. Both cases concluded that because the movant was seeking *reconsideration* by the trial court of the trial court's preceding ruling, both motions were, in fact, the same as a motion for a new trial and should be treated as such.

---

**11.** All three districts of this Court are in accord that a motion to set aside a default judgment filed *after* the underlying default judgment has become final is treated as an independent proceeding, separate and apart from the underlying default judgment. *See Lake Osage Condo. Ass'n v. Prewitt,* 179 S.W.3d 331 (Mo.S.D.2005); *Baxi v. United Techs. Auto. Corp.,* 122 S.W.3d 92, 95 (Mo. App. E.D.2003); *Hutchison v. Vandenburg,* 90 S.W.3d 229, 231 (Mo.App. W.D.2002); *Popular Leasing USA, Inc. v. Universal Art Corp.,* 57 S.W.3d 875, 878 (Mo.App. E.D.2001); *Doran v. Doran,* 26 S.W.3d 865, 867 (Mo.App. S.D. 2000); *Kueper v. Murphy Distributing,* 834 S.W.2d 875, 878 (Mo.App. E.D.1992).

*Taylor*, 854 S.W.2d at 392; *Franz' Estate*, at 365, 221 S.W.2d 739.

We have no quarrel with the holding in either case. However, nowhere in either case did our Supreme Court discuss, address, or analyze whether a motion to set aside a default judgment is substantively the same as a motion for new trial and should, therefore, be treated as an authorized after-trial motion. Also, *Taylor* did not address or discuss whether motions to set aside default judgments should be subdivided into two differing procedural groups based upon whether they were filed *before* or *after* the underlying default judgment became final. Neither *Taylor* nor *Franz' Estate* appear to support the holding in *Klaus I*.

In support of the premise that a motion to set aside a default judgment is an authorized after trial motion, it was stated in *Klaus I* that "[s]imilarly, the Western District in *Moore v. Baker*, 982 S.W.2d 286, 288 (Mo.App. W.D.1998), found that a motion to *reconsider* the setting aside of a default judgment was treated as a motion for new trial because it involved a judicial examination of the issues. *Id.* (citing *Taylor* 854 S.W.2d at 392)." *Klaus I*, 4 S.W.3d at 638 (emphasis added). However, the foundation for the holding in *Moore* is:

> A court's judgment to grant or to deny a motion to set aside a default judgment is independent of the underlying judgment. *Kueper v. Murphy Distributing*, 834 S.W.2d 875, 878 (Mo.App. 1992); *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App.1990).[FN2] The circuit court retains control of its judgment for 30 days after denying a motion to set aside, and the judgment becomes final when the 30 days expire. *Kueper*, 834 S.W.2d at 878. A party then has 10 days to appeal the judgment. Rule 81.04(a); *Kueper*, 834 S.W.2d at 878.

*Moore*, 982 S.W.2d at 288. Footnote 2[FN2], referenced above, states:

> We recognize that some courts have considered a motion to set aside a default judgment as an *after-trial motion in the nature of a motion for new trial* and is subject to the time limitations imposed on motions for new trial. Rule 74.05, effective January 1, 1988, changed the time limitations and allowed a motion to set aside a default judgment to be filed up to one year after entry of the default. "This new time provision served to sharply distinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof." *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App.1990). Hence, the courts now consider motions to set aside a default judgment to be an independent action.

*Id.* (emphasis added).

■ We have no quarrel with the holding in *Moore*, which we believe is a proper application of *Taylor*. " 'A trial is a judicial examination and determination of issues between the parties to an action, whether they be issues of law or fact, before a court that has jurisdiction.' " *Moore*, 982 S.W.2d at 288 (quoting *Taylor*, 854 S.W.2d at 392). "Because a motion to set aside a default is an independent action and because the circuit court's denial of [defendant's] motion to set aside involved a judicial examination of the issues, we treat [defendant's] motion for reconsideration as a motion for new trial." *Id.* This holding does not lend support to the proposition in *Klaus I*, that a motion to set aside a default judgment is also essentially a motion for new trial. A default judgment does not involve a judicial examination of the issues between the parties, *i.e.*, a trial; therefore, a motion to set aside a default judgment cannot challenge trial court error in a non-existent preceding judicial

examination of the issues as is accomplished by a motion for new trial following a trial.

Actually, the holding in *Moore* only makes logical sense if the trial court's decision on the motion to set aside the default judgment is an independent judgment in an independent action. Otherwise, a defaulting defendant could file a motion to set aside a default judgment within thirty days after the entry of the underlying default judgment, which, under *Klaus I*, would extend the trial court's jurisdiction for an additional ninety days, and then, upon denial of the motion to set aside the default judgment, file a motion for *reconsideration*, which, under *Moore*, would extend the trial court's jurisdiction for a second additional ninety-day period. *Moore* does not appear to support the holding in *Klaus I*.

Next, in a footnote in *Klaus I*, the Eastern District noted:

> Several pre-Taylor cases held that a Motion to Set Aside a Default Judgment was not an authorized after trial motion. See *Kueper v. Murphy Distributing*, 834 S.W.2d 875 (Mo.App. E.D.1992), *Fireman's Fund Insurance Company v. Brouk–Ziegler Motor Company*, 841 S.W.2d 778 (Mo.App. E.D.1992, and *Clark v. Brown*, 794 S.W.2d 254 (Mo. App. S.D.1990). We decline to follow these cases because the Supreme Court in *Taylor* held a Motion to Set Aside a Default Judgment is an authorized after trial motion and because these earlier cases are factually distinguishable. These earlier cases dealt with situations where the motion was untimely. The motion here was timely made within thirty days.

*Klaus I*, 4 S.W.3d at 638 n. 2 (emphasis added).

The reference in *Taylor* to the motion to set aside in *Franz' Estate* as a motion to set aside "a default judgment" is, at best, *dicta*. The entire reference to *Franz' Estate* is not essential to the actual holding in *Taylor*, that a motion to *reconsider* a grant of summary judgment is an authorized after-trial motion. Because *Taylor* did not *hold* that a motion to set aside a default judgment is an authorized after-trial motion, we do not believe that it provides a basis for not following the cases cited in this footnote. We also note that our contrary holdings in *LaRose*, *Thompson* and *Tyree* were not cited or distinguished.

The holding in *Klaus I* has subsequently been accepted as the established law in the Eastern District without further analysis. See *Miller v. Rothschild Mgmt. Group*, 184 S.W.3d 575, 577 (Mo.App. E.D.2005); *Arguin v. Arguin*, 171 S.W.3d 116, 117 (Mo. App. E.D.2005); *Budd v. Budd*, 157 S.W.3d 229, 230 (Mo.App. E.D.2004); *Estes v. Norwest Mortg., Inc.*, 125 S.W.3d 322, 323 (Mo.App. E.D.2003) (reaffirming *Klaus I* and its reliance on *Taylor*); *Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 877 (Mo.App. E.D.2001).

The Western District of our Court in *McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392, 399 (Mo.App.2005), adopted the holding in *Klaus I*. See also *Spino v. Bhakta*, 174 S.W.3d 702, 706 (Mo.App. 2005). In *McElroy*, defendant filed a motion to set aside a default judgment twenty-seven days after its entry. Defendant's motion was denied by the trial court, and defendant appealed. In determining the appropriate standard of appellate review, the *McElroy* court, in addition to citing *Taylor* and *Franz' Estate*, also cited *Gorzel v. Orlamander*, 352 S.W.2d 675 (Mo. 1961) in support of its holding that a motion to set aside a default judgment is an authorized after-trial motion, describing *Gorzel* as "a more recent Missouri Supreme Court case directly addressing the

issue[.]" *McElroy*, 156 S.W.3d at 400. However, *Gorzel* was one of the cases that we determined in *Clark* had "become inapplicable because of the adoption of Rule 74.05(c) [now 74.05(d)], effective January 1, 1988." *Clark*, 794 S.W.2d at 256. As the reader will recall, we determined in *Clark* that the new rule

> now provides for one year [as opposed to thirty days under the old rules] after entry of the default for the filing of a motion to set aside that default. This new time provision serves to sharply distinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof. The latter motions must be filed within 15 days after judgment and will be automatically denied if not otherwise ruled at the end of 90 days. These time limitations cannot logically apply to motions to set aside defaults, which now may be filed as long as one year after the rendition of the default.

*Id.*

Likewise, there was no reference in *McElroy* to our contrary holdings in *LaRose*, *Thompson* and *Tyree*.

**d) Discussion and Conclusions Regarding Motions to Set Aside Default Judgments**

■ The purpose and function of a motion to set aside a default judgment is the determination as to whether the defaulting party had good cause in allowing the default judgment to be entered and whether the defaulting party has a meritorious defense to the action. Rule 74.05(d). Unless and until both of these determinations are resolved affirmatively, the underlying default judgment remains undisturbed. *Id.*

"The purpose of a motion for new trial is to afford the trial court an opportunity to correct its own errors." *State ex rel. McNutt v. Northup*, 367 S.W.2d 512, 514 (Mo.1963). Obviously, a motion for a new trial presupposes a preceding trial on the merits wherein a trial court had the opportunity to commit error.

A motion to set aside a default judgment has no relationship to, nor does it challenge, any alleged trial court error. It focuses solely upon the conduct of the defaulting party and not on any alleged trial court error.

These differing purposes and functions fail to support the conclusion that a motion to set aside a default judgment is the equivalent of a motion for new trial. Filing a motion for a new trial following the entry of a default judgment is just as illogical and nonsensical as filing a motion to set aside a default judgment following a trial on the merits. They simply are not equivalent.

It is true that both types of motions seek a similar end result—a trial. In the case of a motion to set aside a default judgment, the movant seeks an *initial* trial on the merits. In the case of a motion for new trial, the movant is seeking a *second or another* trial on the merits. However, each motion takes a very different route to achieve that end result—the former focuses solely on the movant's conduct and legal position, while the latter focuses solely on trial court error.

Because of this distinction, we believe that treating all motions to set aside default judgments in the same procedural manner better achieves the purpose, focus and function of Rule 74.05(d), rather than procedurally treating some *motions to set aside a default judgment* in the same manner as a motion for new trial and other motions to set aside a default judgment as independent actions. This latter bifurcation creates additional complexity and confusion without any corresponding benefit

toward achieving the purpose and function of Rule 74.05.

Facially, Rule 74.05(d) makes no distinction in the procedural consideration of a motion to set aside a default judgment based upon its date of filing in relationship to the date of the entry of the underlying default judgment, other than it must be filed "within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). Likewise, nowhere in Rule 78, which governs after-trial motions, is there any reference to a motion to set aside a default judgment.

Were we to adopt the same holding as in *Klaus I* and *McElroy*, this silence in both Rule 74.05 and Rule 78 sets a double trap for litigants. First, litigants cannot glean from reading and consulting the rules the disparate treatment of a motion to set aside a default judgment depending upon the date of its filing in relation to whether the underlying default judgment has become final or not. Second, some, but not all, motions to set aside a default judgment would be subject to automatic denial as an after-trial motion mandated by Rule 78.06 ninety days after filing and then the automatic expiration of the ten-day period thereafter within which to file a notice of appeal. *See, e.g., Miller,* 2005 Mo.App. LEXIS 966; *Spino,* 174 S.W.3d at 706; *Arguin,* 171 S.W.3d at 118; *Budd,* 157 S.W.3d at 230.

Meanwhile, all other motions to set aside a default judgment would not be decided until specifically ruled upon by the trial court's entry of an independent judgment. *See, e.g., Lake Osage Condo. Ass'n v. Prewitt,* 179 S.W.3d 331, 335 (Mo.S.D. 2005); *Baxi v. United Techs. Auto. Corp.,* 122 S.W.3d 92, 95 (Mo.App. E.D.2003); *Hutchison v. Vandenburg,* 90 S.W.3d 229, 231 (Mo.App. W.D.2002); *Popular Leasing USA, Inc.,* 57 S.W.3d at 878; *Doran v. Doran,* 26 S.W.3d 865, 867 (Mo.App. S.D.

2000); *Kueper v. Murphy Distributing,* 834 S.W.2d 875, 878 (Mo.App. E.D.1992); *Clark,* 794 S.W.2d at 256.

The denomination and signature requirements of Rule 74.01(a), in the context of motions to set aside default judgments, confuse litigants. This confusion would be compounded by our adoption of the same holding as in *Klaus I* and *McElroy,* thereby treating some motions to set aside default judgments as after-trial motions (requirements of Rule 74.01(a) apply to the underlying default judgment and not to the order ruling on the motion to set aside default judgment) and some as independent actions (requirements of Rule 74.01(a) apply to order granting or denying the motion to set aside). This compounded confusion is illustrated in *McElroy,* 156 S.W.3d at 398–99. The Western District of our Court, citing *Klaus I,* held that a motion to set aside the default judgment filed *before* the underlying default judgment was final was an after-trial motion, yet ignored the *Klaus I* conclusion that the final appealable judgment conferring appellate jurisdiction was the underlying default judgment and not the order ruling on the motion to set it aside. *Klaus I,* 4 S.W.3d at 639. *McElroy* looked to an independent judgment by the trial court denying the motion to set aside the default judgment, denominated as such, to justify jurisdiction to entertain the appeal. *McElroy,* 156 S.W.3d at 399. More accurately, assuming the motion is considered as an after-trial motion, the Western District had jurisdiction in *McElroy* to decide the appeal, because the notice of appeal was in fact timely filed before the expiration of ten days after the underlying default judgment became final upon the denial of the motion to set it aside. *McElroy,* 156 S.W.3d at 398–99.

If we adopted the same holding as in *Klaus I* and *McElroy,* further confusion

would be generated by the fact that the *granting* of some motions to set aside a default judgment would not be immediately appealable, but the grant could be challenged on a subsequent appeal following trial, while other motions to set aside a default judgment would have to be appealed within forty days of their grant or the grant could not thereafter be challenged on appeal following a trial on the merits. *See Klaus I,* 4 S.W.3d at 638, and *Klaus II,* 42 S.W.3d at 831, as to the former. *See also Ben F. Blanton Constr., Inc. v. Castle Hill Holdings XI, L.L.C.,* 109 S.W.3d 693, 694 (Mo.App. E.D.2003) and *Grooms v. Grange Mut. Cas. Co.,* 32 S.W.3d 618, 620 (Mo.App. E.D.2000), as to the latter. These distinctions would hinge upon whether the particular motion was filed *before* or *after* the thirtieth day following the entry of the underlying default judgment—a filing distinction that, once again, is not contained anywhere in Rule 74.05 or Rule 78, or any other rule, for that matter.

Were we to adopt the holdings of *Klaus I* and *McElroy* and if, somehow, a litigant were to traverse the procedural minefield of determining: 1) whether the motion to set aside the default judgment was filed *before* or *after* the underlying default judgment became final; 2) whether the motion to set aside the default judgment was *granted, denied by the trial court* or *automatically denied by Rule 78.06;* 3) whether the appeal lies from the underlying default judgment or the trial court's ruling on the motion to set aside the default judgment; 4) whether the underlying default judgment *or* the ruling on the motion to set aside the default judgment must be signed by the trial judge and denominated as a "Judgment" or "Decree," as required by Rule 74.01(a); and, 5) when to timely file a notice of appeal, he would be confronted with the proposition that the standard of review on the appeal differed depending upon when the motion to set aside

the default judgment was filed in relation to the finality of the underlying default judgment. *McElroy,* 156 S.W.3d at 399.

If the motion is filed *before* the underlying default judgment is final, the appellate court is to review for abuse of discretion, and, if filed *after* the underlying default judgment becomes final, the review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *McElroy,* 156 S.W.3d at 400–401. The Western District proceeds to acknowledge that "at first blush it seems that the application of these two standards of review ... rewards the dilatory, because the *Murphy v. Carron* standard is less strenuous than the abuse of discretion standard." *McElroy,* 156 S.W.3d at 402 n. 7. Although the Western District addresses this apparent incongruity, the opinion in *McElroy* is silent as to any explanation addressing how or why the differing standards of review achieve the purpose and function of Rule 74.05 in the first place.

We have great respect for our colleagues on the Eastern and Western Districts of our Court. That is why we have gone to such great lengths to review and consider this issue. It is our desire and goal to harmonize our decisions with those of the Eastern and Western Districts of our Court whenever we can do so. Given the enormous complexity and confusion created by treating some motions to set aside a default judgment as an after-trial motion and others as independent actions, we are unable to do so on this issue. These concerns constrain us from determining that our holding in *Clark* should be limited or that our holdings in *LaRose, Thompson* and *Tyree* should no longer be followed.

Therefore, we reaffirm our holdings in those cases as they relate to the procedural nature of a motion to set aside a default

judgment under Rule 74.05(d) as an independent action, and not as an after-trial motion, and hold that such a motion is an independent action, regardless of when it is filed, requiring an independent judgment.

### e) Application of Our Conclusions to Jurisdiction in this Case

■ The Default Judgment was entered on March 10, 2005. Husband filed the Motion on March 30, 2005. Despite Husband's requests in the Motion for a new trial or, in the alternative, correction, amendment or modification of the Default Judgment, which were in addition to the request to set the judgment aside, the only relief the trial court had authority to grant Husband, as of the date of filing, was to set aside the default judgment either on its own motion under Rule 75.01 or in response to the Motion under Rule 74.05(d).

As we have held that a motion to set aside a default judgment under Rule 74.05(d) is not an authorized after-trial motion, the trial court lost jurisdiction over the Default Judgment on April 11, 2005, and it became final on that date.[12] Rule 75.01 and Rule 81.05(a)(1). Because the trial court did not thereafter have any jurisdiction under Rule 75.01 to set aside the Default Judgment on its own motion, the only remaining basis for trial court jurisdiction to set the Default Judgment aside was the Motion under Rule 74.05(d).

According to the record on appeal, the trial court purportedly ruled upon and denied the Motion on May 27, 2005 by docket entry. This docket entry was in writing as required by Rule 74.01(a). However, this writing is not denominated as a "judgment" or "decree" and is not signed by the judge, all as further required by Rule

74.01(a). Because the docket entry does not satisfy these requirements, this writing is not a judgment, and, therefore, cannot be a final judgment for purposes of appeal. Without a final judgment, we do not have jurisdiction to decide this appeal. Section 512.020; *Brooks*, 98 S.W.3d at 531.

### 3) Decision

The appeal is dismissed.

PARRISH, J., SHRUM, P.J., GARRISON, J., BARNEY, J., RAHMEYER, P.J., BATES, C.J., and LYNCH, J., concur.

---

**12.** The thirtieth day after entry of the default judgment was on April 9, 2005. This being a Saturday, the time calculation of Rule 44.01(a) extends this time period to the following Monday, April 11, 2005.